IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIOLA BLACK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-066-G |
| | § | |
| OCWEN LOAN SERVICING, | § | |
| LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this foreclosure case been automatically referred for full case management. Before the Court for recommendation is *Ocwen Loan Servicing, LLC's Motion to Dismiss Original Petition and Brief in Support*, filed January 17, 2018 (doc. 4). Based upon the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 5422 Cliff Haven Court, Dallas, Texas 75236 (the Property). (*See* doc. 1-1 at 7.)[1] On December 29, 2017, Viola Black (Plaintiff) filed this lawsuit against Ocwen Loan Servicing, LLC (Defendant) in the 162nd District Court of Dallas County, Texas to prevent the pending foreclosure of the Property. (*See id.* at 3.) On January 10, 2018, Defendant removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

Plaintiff's original petition alleges that she is the "record title holder" to the Property subject

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to a mortgage loan that is being serviced by Defendant.[2] (doc. 1-1 at 8.) After Plaintiff defaulted on the loan, Defendant declared it to be in default, accelerated the debt, and scheduled a foreclosure sale of the Property for January 2, 2018. (*Id*.) Before the sale occurred, Plaintiff "sought loss mitigation options" to restructure and reinstate her mortgage. (*Id*.) She contends that a representative of Defendant "made representations" to her and her counsel that it would not foreclose on the Property "so long as [a Request for Mortgage Assistance application] was submitted more than seven (7) days prior" to the scheduled foreclosure sale. (*Id*. at 9.) Though she submitted her application on December 19, 2017, and later e-mailed it on December 20, 2017, Defendant refused to stop the foreclosure sale and allegedly "represented to Plaintiff that it would not review the application because it was submitted too late." (*Id*.)

Plaintiff now brings a claim for "Promissory Estoppel/Misrepresentation" alleging that the statements from Defendant's representative "constitute promises and representations that Defendant should be obligated to honor." (*Id*.) She further alleges that Defendant's behavior "violates the Consumer Finance [*sic*] Protection Bureau Guidelines" if it does not provide another loss mitigation review. (*Id*. at 10.) She asks that this Court "require Defendant to honor its promise to review" her mortgage assistance application, and she seeks "monetary relief of less than $100,000," as well as a temporary and permanent injunction preventing Defendant from foreclosing upon the Property. (*Id*. at 9-11.)

On January 17, 2018, Defendant moved to dismiss the action for failure to state a claim. (doc. 4.) Plaintiff did not respond.

---

[2] According to Defendant, the Deed of Trust on the Property securing a $239,500.00 promissory note is held by Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-HE1. (doc. 4 at 2.) Plaintiff only names the mortgage servicer as a defendant in this action. (*See* doc. 1-1.)

## II. RULE 12(b)(6)

Defendant moves to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (*Id.*)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed. 274 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recover is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts are "merely consistent with" a

defendant's liability, its "stops short of the line between possibility and
plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the
line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570;
*accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) or 12(c)
motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the
pleadings," the Court has "complete discretion" to either accept or exclude the evidence for purposes
of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th
Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783
(5th Cir. 2007).  However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded
by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll
parties must be given a reasonable opportunity to present all the material that is pertinent to the
motion."  Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the
complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly,
documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are
referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499
(quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th
Cir. 2003). Accordingly, documents falling in these categories may be properly considered without
converting the motion to dismiss into a motion for summary judgment.

Defendant attached to its motion to dismiss copies of the Deed of Trust and the Assignment
of the Deed of Trust. (doc. 5-1.) Because the Deed of Trust is referenced in Plaintiff's petition and

is central to her general theory of the case; they are therefore considered part of the pleadings. *See Collins*, 224 F.3d at 498. Conversion of this motion to dismiss into a summary judgment motion is therefore unnecessary.

## A.    Misrepresentation

Defendant first moves to dismiss Plaintiff's claim for misrepresentation because it is based upon a promise of future conduct and fails to satisfy the statute of frauds. (doc. 4 at 3-4.)

Under Texas law, a claim for negligent misrepresentation requires that a plaintiff show that: (1) the defendant made a representation in the course of business in which he has a pecuniary interest; (2) that the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). "The false information complained of in a negligent misrepresentation claim must be a misstatement of an existing fact rather than a promise of future conduct." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011) (internal citation omitted).

The Texas statute of frauds additionally requires that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b). Furthermore, "both Texas state and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan . . . must be in writing." *See Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012) (quoting *Montalvo v. Bank of America Corp.*, No. SA-10-CV-360-XR, 2012 WL 1078093, at *13 (W.D. Tex. March 30, 2012)).

5

Here, Plaintiff's petition simply alleges that Defendant's statements on how it would not foreclose on the Property and would instead consider her timely application for mortgage assistance constitute "representations" that it "should be obligated to honor." (doc. 1-1 at 9.) These representations are promises of future conduct, however, and cannot be the sole basis for a misrepresentation claim. *See Bassknight v. Deutsche Bank Nat'l Trust Co.*, 611 F. App'x 222, 224 (5th Cir. 2015) (holding that "the Lenders' promise not to foreclose for thirty days was a promise regarding future conduct"). Plaintiff's petition also fails to allege the existence of any signed writing that would modify the Deed of Trust regarding payment terms or the pending foreclosure sale. (*See* doc. 1-1 at 7-13.) Because the Deed of Trust permits Defendant to foreclose on the Property if she defaults on her loan, any deviation from that written agreement must be made in writing to comply with the Texas statute of frauds.[3] *See Jackson v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-3695-N-BN, 2015 WL 6907507, at *6 (N.D. Tex. Oct. 14, 2015) (finding that the plaintiff's misrepresentation claim was barred by the statue of frauds "[b]ecause the alleged promise not to foreclose was not memorialized in writing").

Plaintiff's allegations fail to give rise to a plausible claim of misrepresentation against Defendant, and this claim should be dismissed for failure to state a claim.[4]

**B.    Promissory Estoppel**

Defendant next argues that Plaintiff's promissory estoppel claim should also be dismissed

---

[3] The Deed of Trust contains a non-waiver provision stating that "[e]xtension of time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to [Defendant] . . . shall not operate to release the liability of [Defendant]," as well as a remedies provision stating that the lender "may invoke the power of sale" if "default is not cured on or before the date specified in the notice." (doc. 5-1 at 10, 13.)

[4] To the extent Plaintiff is attempting to allege a fraud claim in addition to a negligent misrepresentation claim, it fails for the same reasons. *See Scott v. Bank of America, N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) (affirming dismissal of fraud and negligent misrepresentation claims based upon a "promise not to foreclose" for failure to satisfy the statute of frauds).

6

for failing to comply with the statute of frauds. (doc. 1-1 at 5.)

Though it is normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012). A claim for promissory estoppel must establish the following: (1) a promise; (2) reliance thereon that was foreseeable to promissor; and (3) substantial reliance by promisee to her detriment. *See McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2012 WL 2122168, at *5 (N.D. Tex. June 11, 2012). "Under Texas law, promissory estoppel requires that 'the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) (quoting *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex. App.–Dallas 2002, pet. denied)).

Here, Plaintiff's claim is based upon Defendant's alleged "promise" not to proceed on the foreclosure sale and to instead consider her application for mortgage assistance. (doc. 1-1 at 9.) She contends that Defendant failed to honor its "promise" when it did not cancel the foreclosure sale after she submitted a timely mortgage assistance application. (*Id.*) Plaintiff's petition, however, does not allege that Defendant promised to reduce its oral representations to forego a foreclosure sale to writing or that any signed writing ever existed. (*See id.*) Her allegations accordingly fail to state a plausible claim for relief under the doctrine of promissory estoppel because it is barred by the statute of frauds, and it should be dismissed. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) (applying the statute of frauds to dismiss the plaintiff's promissory estoppel claim regarding defendant's alleged oral promises not to foreclose while considering a loan modification because "there is no allegation that there was an existing written agreement relating to defendant's

7

acceptance of lower payments and delay in foreclosure that defendant promised to sign"); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (applying the statute of frauds to deny the plaintiff's promissory estoppel claim regarding defendant's alleged oral promises not to foreclose while considering a loan modification).

**C.**    **Consumer Financial Protection Bureau Guidelines**

Defendant next moves to dismiss any claim under the Consumer Financial Protection Bureau (CFPB) guidelines for failure to state a claim. (doc. 4 at 5.)

While Plaintiff's petition does not appear to assert an independent claim for violations under the CFPB guidelines, it does generally state that Defendant "violates Consumer Finance [*sic*] Protection Bureau Guidelines if it does not postpone the foreclosure sale and provide another loss mitigation review." (doc. 1-1 at 10.) The requirements related to loss mitigation promulgated by the CFPB are codified under amendments to the Real Estate Settlement Procedures Act (RESPA). *See* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. [§] 2605(f))"). As with other RESPA violations, "a plaintiff must allege actual damages resulting from a violation of § 2605(c)." *Hurd*, 880 F. Supp. 2d at 768-69; *see also* 12 U.S.C. § 2605(f)(1)(A)-(B). Aside from her unspecified request for "monetary relief" in the "Prayer" section of her petition, Plaintiff has failed to specify any facts giving rise to a reasonable inference that she suffered actual damages from a violation of § 2605(c), and she only seeks an order that Defendant "provide another loss mitigation review." (*See* doc. 1-1 at 10.) She has therefore failed to state a plausible claim for relief under § 2605(c) of RESPA for violation of the CFPB guidelines for loss mitigation review. See *Hurd*, 880 F. Supp. 2d at 768-69; *see also Mendoza v. Select Portfolio Servicing, Inc.*, No. 7:17-CV-00180, 2017 WL 4280778, at *4 (S.D. Tex. Sept. 27, 2017).

D.     **Injunctive Relief**

Defendant also seeks to dismiss Plaintiff's request for injunctive relief because she fails to

state a viable cause of action. (doc. 4 at 7.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial

likelihood of success on the merits.' " *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-

A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs.,

Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff seeks a temporary and permanent injunction

preventing Defendant from foreclosing on the Property. (doc. 1-1 at 10-11.) Because her substantive

claims are subject to dismissal on the merits, they cannot establish any likelihood of success on the

merits. *See Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL

3870038, at *11 (N.D. Tex. July 26, 2013). Accordingly, Plaintiff's request for injunctive relief

should be denied.

## III. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to

give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See

Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v.

Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore

typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be

dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600

at *2. However, courts may appropriately dismiss an action with prejudice without giving an

opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being

specifically invited to do so by the court, the defendant has specifically noted the failure to respond,

9

and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, despite being represented by counsel, Plaintiff failed to respond to the motion to dismiss after being specifically invited to do so by the Court (doc. 6), and she has had ample opportunity to move for leave to amend her complaint as the motion to dismiss was filed on January 17, 2018. It also appears that Plaintiff has alleged her best case. Her claims should therefore be dismissed with prejudice.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED** with prejudice for failure to state a claim.

**SO RECOMMENDED** on this 28th day of June, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE